UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
| | : | |
| v. | : | Crim. No. 20-578 (JMV) |
| | : | |
| JEFFREY ANDREWS, | : | |
| CHAD BEENE, | : | |
| ADAM BROSIUS, and | : | |
| ROBERT SCHNEIDERMAN | : | |

**DEFENDANT CHAD BEENE'S OPPOSED MOTION FOR BILL OF PARTICULARS IDENTIFYING UNINDICTED PARTIES TO THE OFFENSES ALLEGED IN THE INDICTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Chad Beene ("Beene") moves for a bill of particulars directing the government to identify all unindicted co-conspirators and parties to the conspiracies and offenses alleged in the Indictment. This motion is filed under the authority of Rule 7(f) of the FEDERAL RULES OF CRIMINAL PROCEDURE and in support thereof, Beene would show the Court the following:

**I.**

**RELEVANT FACTS**

Chad Beene is one of four defendants charged with conspiracy to commit health care fraud, aiding and abetting in the commission of health care fraud, conspiracy to violate the anti-kickback statute and aiding and abetting in the commission of violations of the anti-kickback statute. Beene and his co-defendants – Jeffrey Andrews, Adam Brosius, and Robert Schneiderman – are officers, employees, or otherwise affiliated with Main Avenue Pharmacy and its parent company Script Pharmaceuticals. The government alleges that the conspiracies and the substantive offenses were perpetrated between March 2014 and June 2016. From the duration of the alleged offenses and the manner of their commission, Mr. Beene believes that

other employees, officers, or affiliates of Main Avenue Pharmacy and Scripts Pharmaceuticals are parties to the alleged violations of federal law and may be called by the government to testify against him.

## II.

## AUTHORITIES

A bill of particulars is closely related to an indictment. Originally, prosecutors were required to set forth accusations in great detail and there was no need for supplementation. "The modern trend, however, has been toward more skeletal accusations combined with procedures providing access to the omitted details if the defense has a legitimate need for them." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citing WHARTON, CRIMINAL PROCEDURE § 355 (12 ed. 1975)). Rule 7(f) of the Federal Rule of Criminal Procedure provides such access by authorizing a court to direct the filing of a bill of particulars. In contrast, Rule 16 authorizes a court to direct the government to furnish to the defendant specified items of discovery. Thus, "in this context, Rule 7(f) provides some evidence that bills of particular were regarded by drafters of the rules as supplements to the indictment rather than as pretrial discovery." *Smith*, 776 F.2d at 1111.

Unlike discovery, a bill of particulars is not intended to provide a defendant with the fruits of the government's investigation. The bill of particulars is intended to give the defendant only the minimum amount of information necessary to permit the defendant to conduct his own investigation. "More importantly, a bill of particulars, like the indictment is designed to define and limit the government's case. As with the indictment there can be no variance between the notice given in a bill of particulars and the evidence at trial." *Id*,

A bill of particulars is a proper procedure for discovering the names of unindicted co-

conspirators or parties who the government plans to use as witnesses. "It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial." *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (citing *Will v. United States*, 389 U.S. 90, 99 (1967)).

The purpose of the bill of particulars is to enable a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. *United States v. Barrett*, 153 F. Supp. 552, 571 (E.D.N.Y. 2015). Courts ordinarily employ a six-factor test to evaluate the propriety of disclosure of unindicted parties or co-conspirators:

1. The number of co-conspirators;
2. The duration and breadth of the alleged conspiracy;
3. Whether the government has otherwise provided adequate notice of the particulars;
4. The volume of pre-trial disclosure;
5. The potential danger to co-conspirators and the nature of the alleged criminal conduct; and
6. The potential harm to the government's investigation.

*Barrett*, at 572.

### III.

### APPLICATION OF LAW AND CONCLUSION

The fifteen-count indictment includes many references to unidentified companies and individuals cited simply as "Parent Company-1," "Marketing Company -1, -2, -, and -4," "Individual -1, -2, -3, -4, -5, and -6." Moreover, the Indictment omits any information regarding the individuals responsible for preparing the compound prescriptions or any physicians who were

necessary to the commission of the alleged offenses. Here, the alleged offense is non-violent and there is no danger to the unindicted co-conspirators or parties. Given the massive amount of information heretofore disclosed by the government, disclosure of any unindicted co-conspirators or parties would not adversely affect the government's investigation and would facilitate Beene's preparation of his defense.

WHEREFOR PREMISES CONSIDERED, Mr. Beene prays that this Court enter an Order directing the government to disclose the identity of all unindicted co-conspirators and parties to the offenses alleged in the Indictment.

Respectfully submitted,

GREGOR | WYNNE | ARNEY, PLLC

By: /s/ Michael J. Wynne*
    Michael J. Wynne

    Attorney at Law
    Texas State Bar No. 00785289
    909 Fannin Street, Suite 3800
    Houston, TX 77010
    Telephone: (281) 450-7403
    mwynne@gcfirm.com

*Admitted pro hac vice*

**COUNSEL FOR CHAD BEENE**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served upon counsel of record on this 15th day of December, 2021.

By: /s/ Michael J. Wynne*
    Michael J. Wynne

## CERTIFICATE OF CONFERENCE

I certify that I have communicated with lead counsel for the United States and that the United States is opposed to this motion.

By: /s/ *Michael J. Wynne*\*
Michael J. Wynne